[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13812
_____

D.C. Docket No. 2:16-cr-00068-SPC-CM-1

UNITED STATES OF AMERICA,

                                                                Plaintiff-Appellee,

versus

JORGE GUERRERO-TORRES

                                                                Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 8, 2019)

Before ED CARNES, Chief Judge, MARTIN, and ANDERSON, Circuit Judges.

MARTIN, Circuit Judge:

     Jorge Guerrero-Torres appeals his convictions for possession and production

of child pornography.  He says the District Court erred in finding that he

abandoned his cellphone and, as a result, lacked standing to challenge the search of

its contents.  After careful consideration and with the benefit of oral argument, we

conclude Mr. Guerrero-Torres did not demonstrate a subjective expectation of privacy in the contents of his cellphone.  We affirm his convictions.

## I.

A grand jury indicted Mr. Guerrero-Torres on two charges: possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2), and producing child pornography, in violation of 18 U.S.C. § 2251(a), (e).  Law enforcement found the images underlying these charges on Mr. Guerrero-Torres's cellphone.

Mr. Guerrero-Torres moved to suppress these images as fruits of an unlawful search.  The District Court held an evidentiary hearing on the motion.  At the hearing, the government presented evidence that showed how law enforcement came to possess Mr. Guerrero-Torres's phone and the images on it.

Mr. Guerrero-Torres became a suspect in an ongoing missing child investigation.  As a result, law enforcement arranged to speak with him at his residence.  While officers were on their way to his home, Mr. Guerrero-Torres called them.  An officer told him they would be at his home shortly, but when they arrived Mr. Guerrero-Torres was not there.  The officers waited at Mr. Guerrero-Torres's home for forty-five minutes then searched the surrounding area for him for a couple of hours.  One officer called Mr. Guerrero-Torres's cellphone about ten times.  No one answered.

Mr. Guerrero-Torres testified he was not home because he had gone for a walk. He said during his walk, his cellphone became damaged by rainwater and would not turn on. Because of the damage, he did not believe his phone would work properly, so he threw it away in a public area near some apartments. Nonetheless, Mr. Guerrero-Torres said it was his intent to keep the contents of the phone private. He expressed his belief that the password on his phone would prevent others from accessing the contents of his phone. As he put it, he "was abandoning the phone, but never the information because it was protected by the password."

A landscaper found the phone in a ditch near an apartment complex the next day and took it home with him. Law enforcement traced the phone to the landscaper and retrieved it from him. Late that evening, law enforcement apprehended Mr. Guerrero-Torres and promptly interrogated him after advising him of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966), and securing his agreement to speak with them. During that round of questioning, Mr. Guerrero-Torres, through a translator, said he had thrown his phone away near some apartments, and he heard someone had found it.

Several hours after this questioning ended, a digital forensic specialist used a program called Cellebrite to extract data from Mr. Guerrero-Torres's phone. That search turned up eight to ten thumbnails of images of child pornography.

3

In a second interrogation, Mr. Guerrero-Torres told law enforcement that he had heard through a friend that someone named Esteban had found his phone. That friend called Mr. Guerrero-Torres's cellphone, and a man named Esteban answered. When asked whether he "ask[ed] to get the phone back," Mr. Guerrero-Torres said "No, I didn't ask him for the phone." When asked whether he remembered the password on his cellphone, Mr. Guerrero-Torres told law enforcement four of the five numbers needed to unlock the phone, apparently believing he had told them his complete password. At the time, he knew law enforcement had his phone, and he knew they could use his password to access its contents.

In a later interrogation, law enforcement asked Mr. Guerrero-Torres if he was surprised law enforcement had found the images of child pornography on his phone. Mr. Guerrero-Torres replied, "No, because I knew you were going to find them because you find everything on phones." A video recording and written transcription of this interrogation were admitted into evidence at trial, but not at the evidentiary hearing on the motion to suppress.

The District Court ultimately denied Mr. Guerrero-Torres's motion to suppress, finding he had abandoned his cellphone and thus lacked standing to challenge its search. The court did not rule on whether Mr. Guerrero-Torres had demonstrated a subjective expectation of privacy in the contents of his phone.

4

A jury convicted Mr. Guerrero-Torres as charged, and the District Court sentenced him to forty years in prison.

## II.

On appeal of a denial of a motion to suppress, we review for clear error the District Court's findings of fact and de novo the District Court's application of the law to those facts. United States v. Segura-Baltazar, 448 F.3d 1281, 1285 (11th Cir. 2006). We construe all facts in the light most favorable to the prevailing party below. United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). We may affirm the denial of a motion to suppress on any ground supported by the entire record below—not just the record of the suppression hearing. United States v. Barron-Soto, 820 F.3d 409, 415 (11th Cir. 2016); United States v. Newsome, 475 F.3d 1221, 1224 (11th Cir. 2007) (per curiam).

## III.

Mr. Guerrero-Torres says the District Court erred in finding abandonment because his cellphone's contents remained password-protected. We affirm the District Court's ruling, but on different grounds. We hold that Mr. Guerrero-Torres failed to establish a subjective expectation of privacy in the contents of his phone, such that he lacked standing to contest its search.[1]

---

[1] Because record evidence shows Mr. Guerrero-Torres did not establish a subjective expectation of privacy in the contents of his cellphone, we need not reach the parties' other arguments. We therefore do not decide whether the contents of a password-protected cellphone

To challenge the search of his phone, Mr. Guerrero-Torres bore the burden of establishing "both a subjective and an objective expectation of privacy" in its contents. Segura-Baltazar, 448 F.3d at 1286. "The subjective component requires that a person exhibit an actual expectation of privacy," id. (quotation marks omitted), and it is a question of fact, United States v. Hastamorir, 881 F.2d 1551, 1559 (11th Cir. 1989).

On balance, the record before us indicates that Mr. Guerrero-Torres lacked an actual expectation of privacy in the contents of his phone. Mr. Guerrero-Torres's use of a password might suggest he "sought to preserve privacy" in the contents of his phone. See Bond v. United States, 529 U.S. 334, 336–38; 120 S. Ct. 1462, 1464–65 (2000) (holding that the petitioner had shown a subjective expectation of privacy where he had placed contraband in an opaque bag above his seat on a Greyhound bus, because these actions suggested he "sought to preserve privacy" in the contents of the bag); cf. United States v. Sparks, 806 F.3d 1323, 1345–47 (11th Cir. 2015) (holding appellants abandoned a cellphone when "they left it with a total stranger, despite the fact that it was not password-protected and despite knowing how to retrieve the phone").

---

can be abandoned. We also do not address the government's arguments that the good faith exception applied or that exigent circumstances justified the warrantless search of Mr. Guerrero-Torres's phone.

6

However, he decided to purposefully discard the phone in a public place and did not even attempt to retrieve it when he learned it had been found. These are not the actions of someone seeking to guard the privacy of a phone's contents. See United States v. Pitt, 717 F.2d 1334, 1338 (11th Cir. 1983) (observing that the "use of a padlock [to secure a room], standing in isolation, might meet his burden of showing that [Pitt] had a subjective reasonable, legitimate expectation of privacy, but that is negated by" other facts, including "the fact that he left the [contraband] out on [a] desk, where [it] could be seen or examined by anyone else using the room" and the fact that "[h]e knew that others were . . . using the room"); cf. Bond, 529 U.S. at 338, 120 S. Ct. at 1465 (suggesting a subjective expectation of privacy in an item's contents depends in part on whether one keeps that item in a place where one can easily retrieve it, e.g., "directly above [one's] seat" on a bus); United States v. Haydel, 649 F.2d 1152, 1155 & n.3 (5th Cir. Unit A 1981) (suggesting a subjective expectation of privacy in an item's contents depends in part on whether one stows the item in a place where one believes it is unlikely to be discovered).[2]

Also, Mr. Guerrero-Torres's decision to give law enforcement what he believed to be his password is not consistent with a desire to keep the contents of

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down by the close of business on September 30, 1981.

the phone private.  If the password had been correct, it would have allowed law enforcement to access the phone's contents.  Volunteering a password to others who are plainly curious to access a phone's contents is not a "normal precaution to maintain [] privacy," but an action suggesting an intent to relinquish any actual expectation of privacy.  See Haydel, 649 F.2d at 1155 (indicating that taking "normal precautions to maintain [one's] privacy" is a factor to be weighed in assessing whether one has shown an expectation of privacy); see also Pitt, 717 F.2d at 1338 (indicating that giving a landlord the key to the padlock securing one's room weighs against finding a subjective expectation of privacy).

Finally, Mr. Guerrero-Torres's statement that he "knew [law enforcement] were going to find [the images] because you find everything on phones" does not help his cause.  Indeed, such "a frank admission by [Mr. Guerrero-Torres] that he had no subjective expectation that [the contents of his phone] would remain free from governmental intrusion" suggests he lacked an actual expectation of privacy in the contents of his phone.  Rawlings v. Kentucky, 448 U.S. 98, 105, 100 S. Ct. 2556, 2561 (1980) (holding a similar admission as to the contents of a purse weighed against finding an expectation of privacy).

In the absence of a subjective expectation of privacy, Mr. Guerrero-Torres lacked standing to contest the search of his phone.  See Segura-Baltazar, 448 F.3d at 1286.  Therefore, the District Court properly denied his motion to suppress.

8

**AFFIRMED.**